GEISREITER *v.* McCOY.

Opinion delivered February 4, 1905.

APPEAL—CONCLUSIVENESS OF ADMISSIONS.—Recitals in a decree that defendants admit that the subject-matter of the suit has been disposed of in prior suits are conclusive on them upon appeal.

Appeal from Jefferson Chancery Court.

JOHN M. ELLIOTT, Chancellor.

Suit by H. A. McCoy, as collector of Jefferson County, against S. Geisreiter, S. A. Wiggins and O. P. Robinson, as inspectors of the Plum Bayou Levee District.   Judgment below was for plaintiff, from which defendants appeal.   Affirmed.

The complaint alleged that said McCoy, as collector of Jefferson County, under and by virtue of an act approved March 16, 1899, and a subsequent act amendatory thereof, approved

April 13, 1899, had collected certain sums of money upon real estate in the county of Jefferson for the taxes of the year 1899, for the purpose and benefits of the said Plum Bayou Levee District. A list of the lands upon which the tax had been collected, together with the valuation, the names of the owners and the amount collected, is set out in the complaint, and it is alleged that the sums collected were in his hands as collector. It further alleged that by an act of the General Assembly, passed in 1901, in which the act creating the Plum Bayou Levee District was repealed, it was provided and directed that the collectors of Lonoke, Jefferson and Pulaski counties should pay over to the inspectors of said district, towit, S. Geisreiter, S. A. Wiggins and O. P. Robinson, the sum of $2,600, and should refund the remainder thereof to the respective parties who had paid the same. It further alleged that the defendants, Geisreiter, Wiggins and Robinson, as inspectors of said district, and the other defendants named therein, whose names appear on the pages therein set out, each and all claim said respective sums. Said complainant tendered said sums in court, and asked the court for directions as to what disposition to make of the same, and that the parties in interest be required each to litigate his rights in the premises.

Defendants above named and R. A. Little, treasurer of the levee district, filed an answer, in which they set up that they had incurred expenses amounting to $2,600 in undertaking to form the district, and asked that such sum be prorated out of the funds in the hands of the plaintiff, under the provisions of act of April 6, 1901, § 2.

There was decree for plaintiff, from which defendants have appealed.

*W. H. Pemberton,* for appellants.

The payment of the levee tax was voluntary, and they cannot be recovered back, even if the taxes were illegal. 8 Kan. 431; 98 U. S. 544; 112 N. Y. 216; 59 Vt. 131; 26 Minn. 543; 46 Wis. 210; 16 Kan. 597; 66 Ala. 198; 58 Wis. 230; 89 U. S. 444; Dietz, Tax. 791; 51 Barb. 159; 52 Cal. 73; 46 Cal. 498; 62 Ga. 538; 53 Cal. 379; 13 Fed. 789; 88 Pa. 133; 30 Ind. 234; 36 Ind. 195.

RIDDICK, J.   This is an appeal from a decree disposing of certain funds collected by the collector of Jefferson County under an act of the Legislature creating the Plum Bayou Levee District, which act was subsequently repealed.   The repealing act provided that a certain portion of the funds collected should be paid over to the inspectors of the levee district to cover certain expenses incurred by them before the act was repealed.   But the judgment of the chancery court recites that, as to the taxes held by the collector and in dispute here, they were all paid under protest, and with notice to the collector not to pay over to the levee district.   The decree recites that the parties admitted, and the court found, that certain of the landowners had procured an order enjoining the collector from collecting the tax assessed against their lands in the levee district.   The decree further recites that "it is further admitted by defendant, and the court so finds, that afterward the remaining landowners of the district secured and caused to be served upon this plaintiff a restraining order, restraining and enjoining him from paying over to defendants, or its agents, any sums collected by him on the lands hereinafter set out, which restraining order was also made perpetual on a final hearing.   It is also admitted that the parties mentioned in plaintiff's complaint as the owners of said lands are making due legal claim for the sums paid by them to this plaintiff, and that the sums are now in his hands."   Then follows a list of the lands and the amounts which the collector is ordered to turn over to the landowners.   Now, it seems to us that the admissions of the defendants recited in the decree show that this whole matter has been disposed of in another action, wherein the collector has been enjoined from paying over these taxes to the levee district or its agents, and that this injunction has been made perpetual.

Counsel contend that the admission does not cover these taxes, but this contention cannot be sustained; for, after reciting that certain landowners of the district had secured an injunction to prevent the collection of the tax, it recites that the remaining landowners of the district had secured an injunction to prevent the collector from paying over the tax collected.   The language of this admission shows that all the landowners of the district that did not join in the action to secure the injunction to prevent the collection of the taxes did join in and procure a decree enjoining the collector from paying over, which shows that in the two

actions together all the landowners of the district were repre-sented. This is put beyond question by the fact that the decree then names the lands and the amount of taxes which the collector was enjoined from paying over, which list of lands and taxes shows that the taxes now in the hands of the collector are those which he has, according to the admissions of the parties and the finding of the court, been perpetually enjoined from paying over to the defendants.

It is true that counsel for appellant says that, though he attended the trial, he never heard of the admissions recited in the decree until he read them in the decree, and had prior to that time not even a bowing acquaintance with them, still, we are bound by the recitals in the decree. As it must be presumed to speak the truth, and as counsel no doubt states the facts as he remembers them, we call attention to the fact that the decree does not recite that counsel admitted, but that "the defendants admitted." It is therefore possible to harmonize the decree and the statement of counsel by supposing that these admissions were made by defendants during the temporary absence of counsel, or while he was so deeply absorbed in the law of the case that these acts of his clients escaped him. After having made these admissions, defendants have no ground upon which to base an appeal, and the judgment is therefore affirmed.